IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Romeo R. Haley, | C.A. No. 0:09-714-PMD-PJG |
| Plaintiff, | |
| vs. | ORDER |
| L. Keith Josey, Jr., Sheriff, Clarendon County, South Carolina; Tommy Burgess, Deputy Sheriff, Clarendon County, South Carolina; John Doe #1, Deputy Sheriff Clarendon County, South Carolina; John Doe #2, Deputy Sheriff, Clarendon County, South Carolina; Lester Haley, Jr., as an agent of the Clarendon County, South Carolina Sheriff's Office, | |
| Defendants. | |

The above-captioned case is before this court upon the magistrate judge's recommendation that defendants' motion to dismiss be granted in part and denied in part. Because petitioner is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. For the reasons articulated by the magistrate judge, it is hereby **ordered** that defendants' motion to dismiss is **granted** with regard to the medical care claim against defendant Josey and **denied** with regard to the remaining claims against defendants Josey and Burgess.

**FURTHER ORDERED** that plaintiff is given fourteen (14) days from this date to file a proper motion to amend if he desires to pursue a claim against Shelton Hughes.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this Court.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

February 24, 2010
Charleston, South Carolina

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.