IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Romeo R. Haley,                               ) | C/A No. 0:09-714-JMC-PJG |
|           Plaintiff,           ) | |
| v.                                                          ) | **REPORT AND RECOMMENDATION** |
| L. Keith Josey, Jr., *Sheriff, Clarendon County,* ) <br> *South Carolina*; Tommy Burgess, *Deputy*  ) <br> *Sheriff, Clarendon County, South Carolina*; ) <br> Shelton Hughes,                             ) | |
|           Defendants.      ) | |

The plaintiff, Romeo R. Haley ("Haley"), who is self-represented, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Haley alleges that Defendants Josey and Burgess violated his constitutional rights in conspiring to retaliate against him for assisting law enforcement officials who were investigating suspected arson activities by members of the Ku Klux Klan ("KKK").[1] Additionally, he alleges that Defendant Hughes was deliberately indifferent to his medical needs. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 69.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 70.) Haley

---

[1] Defendants Lester Haley, Jr., John Doe #1, and John Doe #2 have previously been dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m). Further, Haley's medical care claim against Defendant Josey has previously been dismissed by the court. (See ECF No. 48.) Additionally, Haley has previously conceded that he cannot prevail against Defendants Josey and Burgess in their official capacities and, contrary to the allegations in his Amended Complaint, has clarified that he is suing them in their individual capacities only. (ECF No. 23 at 4.)

filed a response in opposition. (ECF No. 76.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the defendants' motion should be granted.

## BACKGROUND

As stated above, Halley alleges that Defendants Josey and Burgess conspired to retaliate against him for assisting law enforcement officials who were investigating suspected arson activities by members of the KKK. Specifically, he first alleges that these defendants violated his First Amendment rights by arresting him in 2002 on charges of criminal sexual conduct involving his great niece, who is also the daughter of previously dismissed Defendant Lester Haley, Jr. Plaintiff Haley claims that Defendant Burgess induced the alleged victim to file these charges. He alleges that Defendant Burgess used the warrants charging the Plaintiff with criminal sexual conduct to incite Lester Haley, Jr., to assault him. Next, Haley alleges that his due process rights under the Fourteenth Amendment were violated when he was arrested by the Department of Alcohol, Tobacco, and Firearms ("ATF") on federal gun charges. Haley contends that he was "set up" by members of his family at the insistence of law enforcement. Haley also alleges that Defendant Hughes denied him medical care at the Clarendon County Detention Center after his arrest on the criminal sexual conduct charges.

The defendants have moved for summary judgment on the following bases: (1) Haley has failed to establish any personal participation by Defendant Josey; (2) Haley has failed to establish a First Amendment claim and, alternatively, cannot establish that Defendants Josey and Burgess violated his First Amendment rights; (3) to the extent that Haley has pled a Fourth Amendment claim for false arrest, it fails as a matter of law; (4) Haley has failed to establish a claim for a violation of his Fourteenth Amendment rights; (5) Haley's medical claim against Defendant Hughes must be



dismissed as untimely and for failure to exhaust his administrative remedies; and (6) the defendants are entitled to qualified immunity. The defendants also request that this action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) and that the court award a "strike" against Haley. In support of this motion, the defendants have submitted numerous affidavits and excerpts from various depositions. Haley has submitted a two-page response, which appears to essentially argue that he is entitled to a jury trial to weigh the veracity of his allegations in the Amended Complaint as opposed to the defendants' affidavits.

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendant Josey**

Defendant Josey contends that Haley has failed to state any claim against him because Haley has failed to allege any personal involvement by Defendant Josey in his Amended Complaint. The court agrees. Haley has made no allegation of any personal involvement on the part of Defendant Josey in connection with any of his remaining claims. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official



defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Amended Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Defendant Josey is entitled to summary judgment.

**C.     First Amendment Claims**

To state a First Amendment claim for retaliation under § 1983, a plaintiff must establish three elements: (1) the plaintiff's right to speak was protected; (2) the plaintiff suffered some adverse action in response to his exercise of a protected right; and (3) a causal relationship between the plaintiff's speech and the defendant's retaliatory action. Suarez Corp. Industries v. McGraw, 202 F.3d 676, 685-86 (4th Cir. 2000). The defendants first dispute that Haley has engaged in any protected speech. Haley's Amended Complaint alleges that the Defendant Burgess retaliated against him based on his cooperation with law enforcement during investigations of church burnings by the KKK from 1995 through 2001. Haley has failed to identify any speech protected by the First Amendment in connection with this claim.



Moreover, even if Haley did engage in protected speech, no reasonable jury could find that Defendant Burgess's actions were taken in response to Haley's conduct. Haley alleges that Defendant Burgess arrested him for criminal sexual conduct in retaliation for Haley's assistance on the KKK investigations. However, as discussed below in Section D, the record before the court clearly demonstrates that Defendant Burgess had probable cause to arrest Haley on these charges. When " 'law enforcement officers might have a motive to retaliate but there [is] also a ground to charge criminal conduct against the citizen they dislike [] . . . . the objectives of law enforcement take primacy over the citizen's right to avoid retaliation.' " Elkins v. Broome, 328 F. Supp. 2d 596, 600 (M.D.N.C. 2004) (alterations in original) (quoting Keenan v. Tejeda, 290 F.3d 252, 261-62 (5th Cir. 2002)). Therefore, the existence of probable cause for the arrest necessarily defeats Haley's First Amendment claim, regardless of Defendant Burgess's motivation. See Hartman v. Moore, 547 U.S. 250, 265-66 (2006) (requiring that when a plaintiff claims prosecution in retaliation for an exercise of a First Amendment right, the plaintiff must plead and prove that the defendant lacked probable cause).

Haley also appears to base his First Amendment claim on an allegation of conspiracy. To establish a conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. Further, the "[i]ndependent acts of two [or more] wrongdoers do not make a conspiracy." Murdaugh Volkswagon v. First Nat'l Bank, 639 F.2d 1073, 1075-76 (4th Cir. 1981). When a plaintiff makes only conclusory allegations



of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, no claim will lie. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Ruttenberg v. Jones, 283 Fed. Appx. 121, 131-32 (4th Cir. 2008) (unpublished).

Haley's Amended Complaint includes only conclusory allegations and fails to allege any facts indicating that the defendants acted jointly to injure him. These conclusory allegations are insufficient. Further, the record in this matter indicates that Defendants Josey and Burgess attest that they did not conspire with anyone to retaliate against Haley by arresting him. (See Burgess Aff. ¶¶ 4, 41, ECF No. 69-8; Josey Aff. ¶ 9, ECF No. 69-2.) Former Defendant Lester Haley, Jr. also attests that he did not conspire with anyone. (See Lester Haley, Jr. Aff. ¶ 3, ECF No. 69-3.) Haley offers no evidence to refute this evidence and merely relies on the conclusory allegations in his Complaint. Such reliance is " 'insufficient to support such an action against a motion for summary judgment based on affidavits establishing the absence of any participation.' " Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir. 1987) (quoting Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985)). Accordingly, the court finds that the defendants are entitled to summary judgment on this claim. See Fed. R. Civ. P. 56(c), (e); see also Hinkle, 81 F.3d at 421.

**D.    False Arrest**

While Haley does not reference the Fourth Amendment in his Complaint, he appears to assert a claim for false arrest. To the extent that he is alleging that he was arrested for criminal sexual conduct in violation of his Fourth Amendment rights, the defendants are entitled to summary judgment on this claim as well. To succeed on such a claim, Haley must demonstrate that the defendants arrested Haley without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the



officer arrested him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). It requires more than bare suspicion, but less than evidence necessary to convict. Porterfield, 156 F.3d at 569. Moreover, the determination of whether probable cause exists is reviewed under the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983); Taylor v. Waters 81 F.3d 429, 434 (4th Cir. 1996).

As an initial matter, Haley was arrested pursuant to a warrant. If a person is arrested pursuant to a facially valid warrant, a claim for false arrest fails as a matter of law. See Porterfield, 156 F.3d at 568 (stating that under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant"). Further, even if Haley's allegations could be construed as challenging the facial validity of the warrant, the defendants have clearly demonstrated that probable cause existed to arrest Haley for criminal sexual conduct, which Haley has failed to refute with more than conclusory arguments. Defendant Burgess attests that (1) his involvement with the victim occurred after he received a call from a high school that an individual was alleging a sexual assault; (2) he met with the victim, her teacher, the assistant principal, and a victim's advocate, and the alleged victim informed Defendant Burgess that she had been sexually assaulted several times over several years; (3) several days later, the victim brought her diary to the



Sheriff's Department, which contained entries relating to the alleged assaults with Haley dating back to 1999, which strengthened Defendant Burgess's belief that the victim was truthful. (Burgess Aff. ¶¶ 8, 9, 11, 14, ECF No. 69-8.) Further, the victim's advocate and the assistant principal both attest that they believed the victim when she made the claims. (Rainey Aff. ¶¶ 3-11, 14, ECF No. 69-5; Anderson Aff. ¶¶ 3-10, 19, ECF No. 69-7.) Accordingly, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Haley's arrest was made without probable cause.

**E.     Due Process Claim**

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Haley's Amended Complaint appears to allege that his due process rights were violated because Defendant Burgess conspired with former Defendant Lester Haley, Jr. and others for former Defendant Lester Haley, Jr. to hide or deliver guns to the plaintiff's home, knowing that it would result in the plaintiff's prosecution on federal gun charges.[2] Haley also alleges that his due process

---

[2] Subsequently, Haley was charged with federal gun offenses, pled guilty to these charges, and has served his sentence. (See Haley Dep. at 43-49, ECF No. 69-10.) Therefore, it is unclear what process Haley is alleging that he failed to receive.



rights were violated by Defendant Burgess because he incited former Defendant Lester Haley, Jr. to attack him as a result of the criminal sexual conduct charge.[3]

Haley has failed to provide any support for these bald and conclusory allegations in response to the defendants' motion for summary judgment, which include affidavits from Defendant Burgess and former Defendant Lester Haley, Jr. refuting these allegations. (See Burgess Aff. ¶¶ 15-16, 40-41, ECF No. 69-8; Lester Haley, Jr. Aff. ¶¶ 5-8, 9-12, ECF No. 69-3.) Accordingly, the defendants are entitled to summary judgment on this claim. See Fed. R. Civ. P. 56(c), (e).

**F.     Medical Claim**

Haley also argues that Defendant Hughes, as jailer of the Clarendon County Detention Center, failed to provide Haley with proper medical care. As § 1983 does not contain an express statute of limitations, state law concerning limitation of actions applies in these claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. See S.C. Code Ann. § 15-3-530. This statute of limitations has been held to be the applicable statute of limitations for § 1983 claims. See Huffman v. Tuten, 446 F. Supp. 2d 455 (D.S.C. 2006).

This action was filed in March 2009; however, the record demonstrates that Haley was at the Clarendon County Detention Center from February 26, 2002 until March 14, 2002. Accordingly,

---

[3] Haley also appears to argue that his due process rights were violated when he was arrested for criminal sexual conduct based on false allegations; however, for the reasons discussed above, there was probable cause for Haley's arrest. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.' ") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Moreover, Haley has failed to demonstrate or allege how his due process rights were violated.



Haley has failed to file this claim within the applicable statute of limitations, and it therefore fails as a matter of law.

### RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion for summary judgment (ECF No. 69) be granted.[4]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 18, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] The court does not recommend that a § 1915(e) "strike" be imposed in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).